UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZOLTAN HIRSCH,

               Plaintiff,                         Case No. 11-cv-7202

   v.

                                                  **<u>ANSWER</u>**

HILLTOP GROCERY AT GRAND INC., a New
York corporation d/b/a HILLTOP GROCERY, and
PATCO REALTY CORP., a New York corporation,

               Defendants.
------------------------------------------------------------x

       **Defendants** HILLTOP GROCERY AT GRAND INC., PATCO REALTY CORP., by their attorney, answer the complaint herein as follows:

1. Defendants deny the allegations contained in Paragraph 1.
2. Defendants admit the allegation contained in Paragraph 2.
3. Defendants deny the allegations contained in Paragraph 3.
4. Defendants deny the allegations contained in Paragraph 4.
5. Defendants deny the allegations contained in Paragraph 5.
6. Defendants admit the allegation contained in Paragraph 6.
7. Defendants deny the allegation contained in Paragraph 7.
8. Defendants deny the allegation contained in Paragraph 8.
9. Defendants deny the allegations contained in Paragraph 9.
10. Defendants deny the allegations contained in Paragraph 10.
11. Defendants deny the allegations contained in Paragraph 11.
12. Defendants deny the allegations contained in Paragraph 12.
13. Defendants deny the allegations contained in Paragraph 13.
14. Defendants deny the allegations contained in Paragraph 14.
15. Defendants deny the allegations contained in Paragraph 15.
16. Defendants deny the allegations contained in Paragraph 16.
17. Defendants deny the allegation contained in Paragraph 17.
18. Defendants deny the allegations contained in Paragraph 18.
19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegation contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. Plaintiff fails to set forth a claim or sufficient facts upon which relief may be granted. Plaintiff fails to allege that he was prevented from entering or using Defendants' premises due to any alleged violation and was not harmed by the violations alleged in the Complaint.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. Defendants have not performed any construction, renovation, or remodeling in the premises since 1990 and therefore are not required to make the alterations requested in the Complaint.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM

35. Plaintiff has brought dozens of similar actions in the Southern District of New York without either informing the business owners of the alleged violations or allowing the businesses to correct the alleged violations.

36. The Plaintiff is engaged in a course of conduct to stir up litigation where there is none and has engaged in abuse of process and has no actual damages as a result of the allegations contained in the instant action.

37. Defendants have not received any correspondence and had not been contacted by Plaintiff prior to receiving the Summons and Complaint in this action. Had Defendants been given an opportunity to resolve any alleged violations of the ADA prior to litigation, Defendants would have obliged.

38. Defendants in fact offered to correct any actual violations and to pay the entire amount of compensatory damages claimed by the Plaintiff prior to filing an answer, however, Plaintiff rejected the settlement offer and demanded $25,000.00 to settle a case in which the actual damages claimed are only $500.

39. Plaintiff's refusal to accept an offer to pay all compensatory damages alleged and to make any required changes to the premises, along with all of the simultaneous actions against other businesses are evidence of Plaintiff's intent to use this case to solely for the purpose of stirring up litigation for profit.

WHEREFORE, Defendants respectfully request dismissal of the complaint herein, together with costs, disbursements and attorneys fees together with such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
　　　　 November 29, 2011

　　　　　　　　　　　　　　　　　　　　　　　 _____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　 Jason M. Baxter, Esq. (jb5995)
　　　　　　　　　　　　　　　　　　　　　　　 Attorney for the Defendants
　　　　　　　　　　　　　　　　　　　　　　　 HILLTOP GROCERY AT GRAND INC.,
　　　　　　　　　　　　　　　　　　　　　　　 and PATCO REALTY CORP.
　　　　　　　　　　　　　　　　　　　　　　　 267 Fifth Avenue, Suite 810
　　　　　　　　　　　　　　　　　　　　　　　 New York, NY 10016
　　　　　　　　　　　　　　　　　　　　　　　 212-889-9811