UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ZOLTAN HIRSCH,

               Plaintiff,                           Case No. 11-cv-7202 (TPG)

  v.

HILLTOP GROCERY AT GRAND INC., a New
York corporation d/b/a HILLTOP GROCERY, and
PATCO REALTY CORP., a New York corporation,

               Defendants.
-------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

JASON M. BAXTER, ESQ.
Attorney for the Defendants
267 Fifth Avenue, Suite 810
New York, New York 10016
(212) 889-9811

TABLE OF CASES

1.  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)     3

2.  Staron v. McDonald's Corp., 51 F.3d 353 (C.A.2 (Conn.), 1995)     3

3.  Access 4 All, Inc. v. Casa Marina Owner, LLC, 458 F.Supp. 2d 1359 (S.D. Fla. 2006)     4

1. PRELIMINARY STATEMENT OF FACTS

Plaintiff has brought a lawsuit against Defendant for statutory damages and a declaratory judgment alleging that Defendant's premises are a public accommodation and do not comply with ADA regulations for such facilities.  Plaintiff alleges that he is a qualified person under the ADA and that he was the victim of Defendants' failure to comply with the ADA requirements relating to access for the disabled.  The first notice that Defendants were given of the alleged violations was the receipt of the Complaint (Exhibit 1) itself.  Upon learning of the alleged violations and prior to the submission of an Answer (Exhibit 2) in this case, Defendants agreed in writing (Exhibit 3) to perform any work necessary to bring the subject premises into compliance with the ADA as well as to pay the Plaintiff the full amount claimed for damages in the amount of $500 along with an additional $350 for costs.  Based upon the fact that Defendants have made an offer for the full amount of damages sought in the Complaint and an agreement to perform any work necessary to comply with the ADA, there are no disputes between the parties for the Court to determine.

2. INTRODUCTION OF DEFENDANT'S ARGUMENT

Dismissal is only appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." (*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)); The ADA was promulgated "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," as well as to establish "clear, strong, consistent, enforceable standards" for scrutinizing such discrimination. 42 U.S.C. Sec. 12101(b)(1)-(2). (*Staron v. McDonald's Corp.,* 51 F.3d 353 (C.A.2 (Conn.), 1995)).

There are currently no violations of the ADA that still exist at the Defendant's location and therefore there is no remedy for the Plaintiff to obtain in continuing this litigation. Because the plaintiff has already obtained what he is seeking if his lawsuit were successful, there is nothing left for the Court to determine (*Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F.Supp. 2d 1359 (S.D. Fla. 2006)). The photographs attached hereto as Exhibit 2 show that the alleged violations do not currently exist at the Defendant's premises.

### 3. REMEDIATION OF PLAINTIFF'S COMPLAINTS

The current condition of the Defendant's store at 523 Grand Street, as depicted in the attached photographs, is in compliance with the ADA because all of the alleged violations described by the Plaintiff in the Complaint are no longer in existence. The photographs that have been attached to Defendant's motion papers are sufficient to prove that any necessary corrections have been made and that the Plaintiff cannot obtain any further relief in prosecuting this case. The following repairs had been made which address the allegations made by Plaintiff:

a. An ADA compliant ramp is present at the entrance in order to facilitate access for disabled patrons (Photograph page 1).

b. The slope of the ramp to the rear deli area is modified to comply with the ADA (Photograph page 1 and 3).

c. The cash register and credit card machine are lowered to an accessible counter at 36 inches above the finished floor (Photograph page 2).

d. A portion of the sales counter located at the Subject Facility is lowered to 36 inches above the finished floor (Photograph page 2).

e. A sign is posted in the window and in the rear of the store at the deli counter indicating that assistance is available for all individuals requiring assistance to access any portion of the

store as required by the ADA because the cost and work necessary to provide a portion of the deli serving counter at a height of 36 inches, to provide the scale on the deli serving counter at an accessible height, and to provide all merchandise items for sale at an accessible height cannot be accomplished without the permanent closure of the business along with access to the refrigerated box type cooler (Photograph page 1).

    f.   The doors located to the left exterior front entrance to the basement have a closed gate covering the opening in compliance with the ADA (Photograph page 1).

    g.   The restroom door is labeled to indicate that it is not a public restroom because it is for employees only (Photograph page 3).

Based upon the fact that these repairs have been made and there are no further corrections to be made, Plaintiff's claims are moot and should be dismissed.

### 4. PLAINTIFF HAS NO DAMAGES UPON WHICH TO PROCEED

As set forth in the report and recommendation in Exhibit 3, the Plaintiff is limited in his claim for damages and attorney's fees to the fees expended in the drafting of the Complaint. It would be inequitable for Plaintiff's counsel to be permitted to continue this litigation solely for the purpose of extorting attorney's fees from the Defendants. The ADA violations complained of have been remedied and Plaintiff has been offered the full amount of damages requested as well as costs, therefore no issues remain to be determined by the Court and the Plaintiff's Complaint must be dismissed.

### 5. CONCLUSION

The Plaintiff has brought an action alleging that the Defendant violated the ADA by operating a store that is open to the public, which does not comply with the regulations for the physical layout required of such a store. In response Defendant has agreed to comply with all

such ADA requirements and to pay Plaintiff the statutory damages. The only issue remaining to be determined in this case is whether or not Plaintiff's counsel is entitled to attorney's fees and the amount of any such fees. The Court must dismiss the Plaintiff's Complaint on the basis that the Defendant has already complied with the Plaintiff's demands.

Dated:	New York, New York
	October 26, 2012

>	/s/
>	Jason M. Baxter, Esq. (jb5995)
>	Attorney for the Defendants
>	267 Fifth Avenue, Suite 810
>	New York, New York 10016
>	(212) 889-9811