UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 19, 2013
```

ZOLTAN HIRSCH,

                Plaintiff,

v.

HILLTOP GROCERY AT GRAND, INC., et al.,

                Defendant.

11 Civ. 7202

OPINION

      Plaintiff Zoltan Hirsch brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, as well as New York City Human Rights Law, NYC Admin Code § 8-107(4)(a), and New York State Human Rights Law, NYS Exec. Law § 296 (2)(a).  Hirsch, a double-amputee who relies upon a wheelchair for mobility, alleges that defendants' facility, Hilltop Grocery, is in violation of the ADA in at least 23 respects, largely (but not exclusively) relating to defendants' failure to install appropriate ramps, and their having installed many important items (sales counters, cash registers, scales, paper towel dispensers, etc.) at too great a height from the floor.  Defendants move to dismiss the complaint on the ground that they have already satisfied Hirsch's claims.  Defendants claim that they have paid Hirsch $500 in damages, $350 in costs, and that they have remedied the numerous specific violations identified in Hirsch's complaint.

Hirsch, however, contends that these violations have not, in fact, been remedied. Therefore, Hirsch argues, the complaint's prayer for a court order requiring defendants to modify their facilities to comply with the ADA, NYCHRL, and NYSHRL has not been satisfied.

It is well established that, at the motion to dismiss stage, a court must accept as true the facts alleged in the complaint, drawing all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). The court may not, at this stage, entertain evidence submitted by the parties and resolve factual disputes.

Accordingly, defendants' motion is denied.

So ordered.

Dated: New York, New York
March 19, 2013

_____
Thomas P. Griesa
United States District Judge